IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| PLUMBERS & STEAMFITTERS LOCAL 137 PENSION FUND, PLUMBERS & PIPEFITTERS NATIONAL PENSION PLAN, EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, PLUMBERS & STEAMFITTERS LOCAL 137 APPRENTICESHIP FUND, PLUMBERS & STEAMFITTERS LOCAL 137 INDUSTRIAL FUND, PLUMBERS & STEAMFITTERS LOCAL 137 SAVINGS FUND, PLUMBERS & STEAMFITTERS LOCAL 137. | )<br>)<br>)<br>)<br>)<br>)   No. 13-3418<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) |
| PUNZAK AIR CONDITIONING & SALES COMPANY, INC. | ) |
| Defendant. | ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR DEFAULT JUDGMENT**

NOW COME the Plaintiffs, PLUMBERS & STEAMFITTERS LOCAL 137 PENSION FUND *et al.*, by their attorneys, CAVANAGH & O'HARA LLP, and for their Memorandum of Law in Support of Motion for Default Judgment against the Defendant, PUNZAK AIR CONDITIONING & SALES COMPANY, INC. state as follows:

I. INTRODUCTION

This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA"). Plaintiffs filed their Complaint in this matter on December 20, 2013. (Docket Entry #1). The Plaintiffs also filed an Affidavit In Support of Service by Publication on December 20, 2013 (Docket Entry #3). The

1

Court granted the Plaintiffs Motion to serve the Defendant by publication on January 28, 2014. (Text Order dated January 28, 2014). Pursuant to 735 ILCS 5/2-206, Plaintiffs have published notice in a newspaper published in the county in which the action is pending. (See Exhibit A as part of the Request for Entry of Default). Pursuant to 735 ILCS 5/2-207, the notice must be published at least once in each week for 3 consecutive weeks. Plaintiffs have had the notice published on March 4, 2014, March 11, 2014, and the final publication was on March 18, 2014. (See Exhibit A as part of the Request for Entry of Default). Pursuant to 735 ILCS 5/2-207 "No default or proceeding shall be taken against any defendant not served with summons, or a copy of the complaint, and not appearing, unless the first publication be at least 30 days prior to the time when the default or other proceeding is sought to be taken." Plaintiffs first published notice on March 4, 2014, and therefore at least 30 days have passed since the first publication and Defendant has failed to appear, plead or otherwise defend this action. On April 28, 2014, Plaintiffs filed their Request for Entry of Default. (Docket Entry #4). On April 29, 2014, the Court entered an Entry of Default against the Defendant. (Docket Entry #5).

Federal Rule of Civil Procedure 55 governs default judgments. Fed. R. Civ. P. 55. A two step process exists in order to obtain a default judgment.  A party must first seek, and have entered, an entry of default, before seeking a default judgment.  Fed. R, Civ. P. 55; *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). The Defendant was found to be in default by this Court on April 29, 2014, and therefore, Plaintiffs are now allowed to seek entry of a default judgment.

II.     STATEMENT OF FACTS

Upon default, the well-pleaded factual allegations of the Complaint relating to liability are deemed admitted, and a plaintiff is not required to further establish, and a defendant has no further standing to contest, a plaintiff's right to recover. *In re Uranium Antitrust Litigation*, 473

F.Supp 382, 391 (N.D. Ill. 1979); *see also Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983); *see also Brown v. Kenron Aluminum and Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973). Therefore, the following facts are established from the well-pleaded allegations contained in Plaintiffs' Complaint, which are taken as true and deemed admitted, as a result of Defendant's failure to answer Plaintiffs' Complaint.

Defendant is an "Employer" engaged in an industry within the meaning of ERISA, 29 U.S.C. 1002 (5) and (12). (Complaint, ¶ 6). Defendant signed a Collective Bargaining Agreement which binds Defendant to the provisions of the Collective Bargaining Agreement as well as the applicable Agreements and Declarations of Trust. (Complaint, ¶ 7 and 8; *see also* Exhibits A-C to the Complaint). Under those agreements, and §1145 of ERISA, Defendant was required to make fringe benefit contributions to the Plaintiffs because defendant employed individuals who are members of and represented by Plumbers & Steamfitters Local 137, and said individuals are participants in Plaintiffs' employee benefit funds. (Complaint, ¶ 7). However, Defendant breached its contractual obligations and failed to submit all of the required fringe benefit contributions owed for the covered work performed during the time period of April 2013 through August 2013. (Complaint ¶ 10). Because the Defendant failed to pay the delinquent contributions, Plaintiffs instituted these proceedings on December 20, 2013.

### III.   ARGUMENT

The Plaintiffs are employee benefit funds administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust and, as such, are required to be maintained in accordance with the provisions of the Labor Management Relations Act of 1947 (LMRA) and the Employee Retirement Income Security Act of 1974 (ERISA). (Complaint, ¶ 4). Plaintiffs, as employee benefit trust funds, stand in the position of a third party beneficiary, with

rights resembling that of a holder in due course, to a collective bargaining agreement, with the ability to enforce agreements in their own right. *Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck Service, Inc.*, 870 F.2d 1148, 1149 (7th Cir. 1989).

Upon default, the well-pleaded factual allegations of the Complaint relating to liability are deemed admitted, and a plaintiff is not required to further establish, and a defendant has no further standing to contest, a plaintiff's right to recover. *In re Uranium Antitrust Litigation*, 473 F.Supp 382, 391 (N.D. Ill. 1979); *see also Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983);  *see also Brown v. Kenron Aluminum and Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973).  The allegations relating to the amount of damages are not ordinarily taken as true upon default. *Id*.  Rather, the Court can conduct an evidentiary hearing in order "to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) *citing Credit Lyonnais Securities (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999).  However, an evidentiary hearing is not necessary if the Court can determine the proper amount of damages based upon "definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co*., 722 F.2d 1319, 1323 (7th Cir. 1983); *see also U.S. v. DeFrantz*, 708 F.2d 310, 312 (7th Cir. 1983) (holding that an evidentiary hearing on damages after entry of default not necessary where motion for default judgment specifies the amount of damages that plaintiffs were claiming).

In the present case, Defendant's liability to Plaintiffs has been established by reason of the Defendant's failure to respond to the allegations contained in the Plaintiffs' Complaint; upon default, the well-pleaded factual allegations of the Complaint relating to liability are deemed admitted, and a plaintiff is not required to further establish, and a defendant has no further standing to contest, a plaintiff's right to recover. *In re Uranium Antitrust Litigation*, 473 F.Supp

382, 391 (N.D. Ill. 1979); *see also Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *see also Brown v. Kenron Aluminum and Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973). Defendant breached the Collective Bargaining Agreement, Trust Agreements, and the applicable provisions of ERISA by failing to pay all of the required fringe benefit contributions due to the Plaintiffs. (Complaint, ¶s 8-10). Furthermore, an evidentiary hearing is not necessary given that the Court can determine the proper amount of damages based upon the "definite figures" contained in the delinquent contribution breakdown attached as Exhibit B-2 to the Affidavit in Support of the Entry of Default. The breakdown shows that the Defendant owes the Plaintiffs, less the amounts paid, $84,692.26. (Exhibit B-2 to the Affidavit in Support of the Entry of Default, and Exhibit 1 attached to the Motion for Default Judgment). Further, the Collective Bargaining Agreement and Trust Agreements states that failure to pay contributions by the due date provides for the imposition of liquidated damages of ten percent (10%). (Exhibit A, B, and C to the Complaint). Therefore, the Defendant owes the Plaintiffs liquidated damages in the amount of $8,469.23.

Moreover, every employer obligated under a collective bargaining agreement to make fringe benefit contributions to employee benefit plans, like the Plaintiffs' plans, is required under ERISA to make those fringe benefit contributions in accordance with the terms of such agreements. 29 U.S.C. §1145.  Failure to do so subjects an employer to the provisions of 29 U.S.C. 1132 (g)(2).  This section of ERISA authorizes, in the event of a judgment in favor of the Plaintiffs, the award of certain relief, including interest, liquidated damages , and attorney's fees. 29 U.S.C. §1132(g)(2)(A)-(E).  More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> \*      \*      \*

> (2)   In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
>> (A)   the unpaid contributions,
>>
>> (B)   interest on the unpaid contributions,
>>
>> (C)   an amount equal to the greater of –
>>
>>> (i) interest on the unpaid contributions, or
>>>
>>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal and State law) of the amount determined by the court under subparagraph (A),
>>
>> (D)   reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>>
>> (E)   such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26. (*See*, §1132(g)(2) of ERISA)

In this case, the Plaintiffs have incurred $4,405.66 in reasonable attorney's fees and costs. (Exhibits B-3 and B-4 to the Request for Entry of Default).

In sum, the Defendant is obligated under the applicable Collective Bargaining Agreement and ERISA, 29 U.S.C. 1145, to make fringe benefit contributions to the Plaintiffs in accordance with the terms and conditions of the Funds' Agreements and Declarations of Trust. (Complaint, ¶s 7 & 8). Defendant failed to make the required fringe benefit contributions (Complaint, ¶ 10). Accordingly, Plaintiff respectfully request that judgment be entered in favor of Plaintiffs in the

amount of $84,692.26 for delinquent contributions, $8,469.23 for liquidated damages, and $4,405.66 in reasonable attorneys' fees and costs.

## IV.    CONCLUSION

For the reasons stated above, Plaintiffs, PLUMBERS & STEAMFITTERS LOCAL 137 PENSION FUND *et al*., respectfully request a default judgment against the Defendant, PUNZAK AIR CONDITIONING & SALES COMPANY, INC.

Specifically, Plaintiffs respectfully request a default judgment in their favor for delinquent contributions in the amount of $84,692.26, liquidated damages in the amount of $8,469.23, and reasonable attorneys' fees and costs in the amount of $4,405.66.

Respectfully Submitted,

PLUMBERS & STEAMFITTERS LOCAL
137 PENSION FUND *et al*.,

By: s/ John A. Wolters
JOHN A WOLTERS
**CAVANAGH & O'HARA LLP**
407 East Adams
Springfield, IL 62705
Telephone: (217) 544-1771
Facsimile: (217) 544-9894
johnwolters@cavanagh-ohara.com